FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 4 2009

JAMES N. HATTEN, Clerk
By: ~m̃ R̃A̧ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOUTHEASTERN MECHANICAL
SERVICES, INC.,

      Plaintiff,

v.

NORMAN BRODY; JAMES SHEROUSE;
KEVIN SMITH; THERMAL
ENGINEERING CONSTRUCTION
SERVICES, INC, a/k/a TEI
Construction Services,
Inc.; BABCOCK POWER SERVICES,
INC.; THEODORE MALISZEWSKI,

      Defendants.

CIVIL ACTION
NO. 1:09-cv-0086-GET

O R D E R

The above-styled matter is presently before the court on
Aquilex Corporation and Welding Services, Inc.'s an objection
[docket no. 24] to the Magistrate Judge's Order [docket no. 23] on
defendant TEI's motion to compel [docket no. 15].

Defendant TEI's motion to compel arises out of a lawsuit
pending in the United States District Court for the Middle District
of Florida, Civil Action File No. 8:08-cv-1151-JSM-EAJ wherein
plaintiff asserts claims of tortious interference with contract,
trade secret misappropriation and other claims relating to TEI's
hiring of three former employees of plaintiff. On June 22, 2009,

the Magistrate Judge issued an order granting in part and denying in part defendant's motion to compel discovery responses from non-parties.

On July 7, 2009, the non-parties Aquilex and WSI filed an objection to the Magistrate Judge's Order "with regard to two highly confidential, strategic and completely irrelevant documents" to the extent they are required to produce unredacted versions of the documents. Specifically, the non-parties object to the extent the order compels the production of "proprietary and confidential strategic planning document[s]" produced by the non-parties in redacted form. The non-parties contend that the information in the documents is

> wholly irrelevant to this action; the documents contain highly confidential strategic information that would be harmful in the hands of the competitor; the Consent Protective Order does not prohibit Bill Ferguson (Defendant's and its parent company's general counsel, corporate compliance officer and secretary of the Board of Directors) from reviewing and digesting the information contained in the documents and non-parties...do not trust that Defendants, competitors who have engaged in theft, misappropriation and other unlawful acts of unfair competition, not to use ... [the] confidential information to their competitive advantage.

In response, TEI points out that the non-parties raised similar arguments before the Magistrate Judge and that the conclusory statements that these two documents are irrelevant are insufficient to establish that the documents are not discoverable. TEI further states that it attempted to resolve the confidentiality

issues by suggesting that the documents be produced subject to an agreement that they will only be reviewed by TEI's outside counsel, and not by any in-house counsel for any of the parties, including Mr. Ferguson.

Having considered the arguments of the parties, the court OVERRULES the objection of the non parties [docket no.24] to the Magistrate Judge's order [docket no. 23] on defendant's motion to compel [docket no. 15]. The Magistrate Judge's Order is ADOPTED and incorporated herein as if fully set forth, with the following exception: This court DIRECTS that the production of the two documents at issue in the non-parties' objection be produced subject to an agreement that they will only be reviewed by TEI's outside counsel, and not by any in-house counsel for any of the parties, including Mr. Ferguson.

Summary

The objection of the non parties [docket no.24] to the Magistrate Judge's order [docket no. 23] on defendant's motion to compel [docket no. 15] is **OVERRULED**. The Magistrate Judge's Order is ADOPTED and incorporated herein as if fully set forth, with the following exception: This court **DIRECTS** that the production of the two documents at issue in the non-parties' objection be produced subject to an agreement that they will only be reviewed by TEI's

outside counsel, and not by any in-house counsel for any of the parties, including Mr. Ferguson.

SO ORDERED, this __24th__ day of September, 2009.

_____
G. ERNEST TIDWELL, JUDGE
UNITED STATES DISTRICT JUDGE